UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Civ. No. 09-002-E-BLW |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | PRE-TRIAL ORDER |
| ) | |
| RONALD BRET HAMILTON and ) | |
| VANESSA CATTANEA, ) | |
| ) | |
| Defendants. ) | |
| ) | |

On November 3, 2009, the Court held a pre-trial conference with counsel in this case. Based on that conference,

NOW THEREFORE IT IS HEREBY ORDERED, that the following deadlines and procedures shall govern the remainder of this litigation:

1. <u>Jury Selection</u>:  Based on the agreement of counsel, and the signed consent form (docket no. 60), the jury was selected by Magistrate Judge Mikel H. Williams on November 9, 2009.  They were instructed to return on November 16, 2009.

2. <u>Trial Schedule</u>:  Trial will begin on November 16, 2009, at 8:30 a.m. in the Federal Courthouse in Pocatello Idaho.  The typical trial day will be from 8:30 a.m. to 2:30 p.m. with two 15-minute breaks.  Trial will run through the

**Order -- page 1**

entire week of November 16th.  Trial will resume on November 23rd, and run through November 25th at noon.  Following Thanksgiving, trial will resume on November 30th.  All evidence should be submitted and closing arguments and final instructions given by December 1.

3. <u>Exhibits:</u>  Counsel shall only provide the Court with a set of original pre-marked exhibits.  Because of the use of electronic evidence presentation systems, it is unnecessary to provide any copies.  Counsel may wish to have available in the courtroom a copy of any exhibits which the Court may find difficult to review through the evidence presentation system.  The exhibit lists shall follow the guidelines set out in the Court's Local Rules to the extent it is not inconsistent with this Order.  The exhibit lists shall be prepared on form provided by the Deputy Clerk, with sufficient copies for the Judge, the Deputy Clerk, and the Law Clerk.  Exhibit numbers 1 through 999 shall be reserved for joint exhibits; exhibit numbers 1000 through 1999 shall be reserved for plaintiff's exhibits; exhibit numbers 2000 through 2999 shall be reserved for the first defendant listed on the caption; exhibit numbers 3000 through 3999 shall be reserved for the second defendant listed on the caption; and so on.  Counsel shall review their exhibits, determine any duplication, and jointly mark and stipulate to the admission of those exhibits

**Order -- page 2**

that both sides intend to offer and rely upon. The proposed jury instructions shall follow the guidelines set out in the Court's Local Rules, to the extent it is not inconsistent with this Order. Additionally, counsel shall provide a clean copy of the Jury Instructions to the Court in Word Perfect format and emailed to BLW_orders@id.uscourts.gov.

4. Trial Procedures:

   a. Counsel shall exercise good faith in attempting to reach a stipulation on undisputed facts and admission of exhibits.

   b. During trial, the jury will be in the box hearing testimony the entire trial day between 8:30 a.m and 2:30 p.m., except for the standard fifteen minute recesses. During the time the jury is in the jury box, no argument, beyond on-sentence evidentiary objections, shall be allowed to interrupt the flow of testimony. If counsel have matters that need to be resolved outside the presence of the jury, they are to advise the Court and counsel prior to the issue arising during trial so that it can be heard during a recess, or before or after the jury convenes. Where the need for such a hearing cannot be anticipated, the Court will direct the examining counsel to avoid the objectionable subject and continue on a different line of questioning so that the

        objection can be argued and resolved at the next recess.  To avoid late-night sessions, counsel are advised to bring up all anticipated evidentiary questions in their pretrial briefs.

    c.    Counsel shall have enough witnesses ready to ensure a full day of testimony.  If witnesses are unavoidable delayed, counsel shall promptly notify the court and opposing counsel.

5.    <u>Pending Motions</u>: Because the Government represented at the conference that it would not introduce the character evidence that defendant Cattanea sought to exclude in her motion, that motion is moot.  With regard to Cattanea's motion for discovery, the Court finds that motion moot as well because the Government has provided supplemental discovery.  Accordingly, NOW THEREFORE IT IS HEREBY ORDERED, that the motion in limine to exclude character evidence (docket no. 46) and the motion for discovery (docket no. 45) are DEEMED MOOT.

DATED:  **November 10, 2009**

*[signature]*
Honorable B. Lynn Winmill
Chief U. S. District Judge

**Order -- page 4**

**Order -- page 5**