IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>VANESSA CATTANEA, and<br>RONALD BRET HAMILTON,<br><br>Defendants. | CRIM. No. 09-002-E-BLW<br><br>MEMORANDUM DECISION<br>AND ORDER |

## INTRODUCTION

The Court has before it motions for acquittal or, in the alternative, for a new trial. The motions are fully briefed and at issue. For the reasons explained below, the Court will deny the motions.

## LITIGATION BACKGROUND

Defendants Bret Hamilton and Vanessa Cattanea were charged with health care fraud and aiding and abetting health care fraud in violation of 18 U.S.C. §§ 1347 and 2. The charges related to various billings to Medicaid by Teton Family Services, Inc., a mental health clinic providing partial care services to children in Pocatello, Blackfoot, and American Falls, Idaho.

A jury returned verdicts of guilty against Hamilton on 55 of 72 counts and verdicts of

**Memorandum Decision & Order – page 1**

guilty against Cattanea on 76 of 84 counts. Both defendants filed motions for acquittal or, in the alternative, new trial.

## STANDARD OF REVIEW

**Rule 29**

Pursuant to Federal Rule of Criminal 29, a defendant is entitled to acquittal if, after examining the evidence in the light most favorable to the government, no rational juror could have found the essential elements of the crime beyond a reasonable doubt. *United States v. Odom*, 329 F.3d 1032, 1034 (9th Cir. 2003). Circumstantial evidence alone, and the inferences that can be drawn from circumstantial evidence, can be sufficient to sustain a conviction. *United States v. Yoshida*, 303 F.3d 1145, 1151 (9th Cir. 2002). Viewing the evidence in the light most favorable to the prosecution requires the Court to "presume . . . that the trier of fact resolved any . . . conflicting inferences in favor of the prosecution. " *United States v. Rosales*, 516 F.3d 749, 752 (9th Cir. 2008). The reviewing court "must respect the exclusive province of the fact finder to determine the credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences from proven facts." *United States v. Hubbard*, 96 F.3d 1223, 1226 (9th Cir. 1996).

**Rule 33**

Under Federal Rule of Criminal Procedure 33, a Court may grant a new trial if the interests of justice so require "in those exceptional cases in which the evidence preponderates heavily against the verdict." *United States v. Rush*, 749 F.2d 1369, 1371 (9th Cir. 1984). In considering a motion for a new trial, the Court need not draw inferences from the evidence in favor of the United States and may independently assess the credibility of witnesses. *United States v. Kellington*, 217 F.3d 1084, 1097 (9th Cir. 2000).

**Memorandum Decision & Order – page 2**

## ANALYSIS

### **Jury Instruction on Good Faith**

Defendant Cattanea argues that the Court's failure to give a "good faith" instruction allowed the jury to convict without focusing on specific intent. Where the district court adequately instructs the jury on the intent to defraud, it need not also instruct the jury regarding good faith. *United States v. Dees*, 34 F.3d 838, 842 (9th Cir. 1994)**.** The Court gave an instruction on the intent to defraud, and so determined at the jury instruction conference, after hearing argument, that the "good faith" instruction was not necessary. The Court reaffirms that decision here.

### **Insufficient Evidence**

Defendant Cattanea argues that the evidence was insufficient to support her conviction. The Court denied her motion on this ground after the Government's case-in-chief, and can find no reason to change that decision. *See Minute Entry (docket no. 78).* Examined under either the standard applicable to Rule 29 or Rule 33, the evidence is sufficient to support the convictions.

### **Inconsistent Verdict**

The defendants argue that the verdict is inconsistent. However, any inconsistency in the verdict is not grounds for acquittal or a new trial. *United States v. Powell*, 469 U.S. 57, 66 (1984) (holding that allowing challenges to verdicts based on inconsistency would invade the jury's deliberative process and invite "pure speculation"). The defendants are protected by the Court's review of the sufficiency of the evidence, and the Court has found the evidence sufficient for the counts of conviction. *Id*. at 67 ("a criminal defendant is afforded protection against jury irrationality or error by the independent review of the sufficiency of the evidence . .

**Memorandum Decision & Order – page 3**

."). While there may be an exception to *Powell* if a miscarriage of justice results from the inconsistency, the Court cannot find that exception applicable here.

Moreover, the Government's explanation of the jury verdict persuasively shows that it is not inconsistent. *See Government Brief (docket no. 97)* at pp. 8-10. The Court agrees with that explanation.

**Separate Trials**

Defendant Cattanea argues again that her trial should have been severed from that of co-defendant Hamilton. Because of their being joined for trial, she "lost the ability to call [Hamilton] as a witness," she argues. *See Cattanea Brief* at p. 6.

A defendant seeking severance based upon the need for her co-defendant's testimony must establish that: (1) the defendant would call the co-defendant at a severed trial; (2) the co-defendant would in fact testify; and (3) the testimony would be favorable to the moving defendant. *United States v. Hernandez*, 952 F.2d 1110, 1114 (9th Cir.1991). Prior to trial, the Court denied Cattanea's motion for separate trials on the ground that she did not show that Hamilton would in fact testify on her behalf if the severance was granted. *See Memorandum Decision (docket no. 42)*. At no point did Cattanea ever make the required showing. Hence, being joined for trial with Hamilton cannot constitute a ground for Cattanea's aquittal or new trial. *See U.S. v. Castro*, 887 F.2d 988, 998 (9th Cir. 1989).

**ORDER**

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motions for new trial or, in the alternative, for acquittal (docket nos. 92, 93 & 94) are DENIED.

**Memorandum Decision & Order – page 4**



DATED: **April 8, 2010**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision & Order – page 5**